IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00385-LTB-RTG

MARCIA M. RADIN,

      Plaintiff,

v.

DONALD J. TRUMP, and
J.D. VANCE,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Richard T. Gurley, United States Magistrate Judge**

This matter comes before the Court on the "Grievance" (ECF No. 1) filed *pro se* by Plaintiff on February 5, 2025. The matter has been referred to this Magistrate Judge for recommendation. (ECF No. 5).

The Court must liberally construe Plaintiff's filings because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Having carefully reviewed and considered the case file and the applicable law, it is respectfully RECOMMENDED that this action be dismissed without prejudice for lack of jurisdiction.

## I.  BACKGROUND

Plaintiff, Marcia M. Radin, resides in Englewood, Colorado. On February 5, 2025, she filed *pro se* a "Grievance" (ECF No. 1) and paid the $405.00 filing fee applicable to civil actions. (*See id.*).

Ms. Radin asserts in her Grievance that President Trump engaged in an "insurrection" on January 6, 2021, that the President, and Vice President, J.D. Vance, "have given aid and comfort to the insurrectionists" and that President Trump has pardoned insurrectionists who pleaded guilty to or were found guilty of criminal charges arising from the "insurrection." (ECF No. 1 at 1). Ms. Radin claims that the Fourteenth Amendment "forbids" the President and Vice President from holding their respective offices. (*Id.*). She "demands" that President Trump and Vice President Vance "be declared illegitimate holders of their offices and removed therefrom." (*Id.*).

## II.  DISCUSSION

The United States Constitution limits the judicial power of federal courts to resolving "Cases" and "Controversies." U.S. Const. art. III, § 2. "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To establish standing to sue, a plaintiff must show she has "suffered an injury in fact," the injury is "fairly traceable" to the defendant's actions, and a favorable judicial decision will likely redress the harm. *Id.* Each of these three elements is an "irreducible constitutional minimum" for standing to sue. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Ms. Radin bears the burden of establishing each element. *See Spokeo*, 578 U.S. at 338.

To establish injury in fact, Ms. Radin must show, in part, that she suffered a concrete and particularized invasion of a legally protected interest. *See id.* An injury that is particularized "must affect the plaintiff in a personal and individual way." *Id.* at 339. Additionally, "when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

Ms. Radin's challenge to the eligibility of President Trump and Vice President Vance under Section 3 of the Fourteenth Amendment[1] alleges a generalized grievance as a member of the public and does not demonstrate she has suffered or will suffer a concrete and particularized injury. Accordingly, on February 11, 2025, the Court issued an Order (ECF No. 3) directing Ms. Radin to show cause, within 30 days, why this action should not be dismissed for lack of jurisdiction because she lacks standing to sue. *See, e.g., Berg v. Obama*, 586 F.3d 234, 239-42 (3d Cir. 2009) (finding that plaintiff challenging former President Barack Obama's eligibility to run for and serve as President of the United States was properly dismissed for lack of standing); R*obinson v. Bowen*, 567 F. Supp.2d 1144, 1146 (N.D. Cal. 2008) (same, presidential candidate John McCain); *Hollander v. McCain*, 566 F. Supp.2d 63, 71 (D.N.H. 2008) (same); *Hill v. Mastriano*, No. 22-2464, 2022 WL 16707073, at *1 (3d Cir. Nov. 4, 2022) (per curiam)

---

1 Section 3 of the Fourteenth Amendment to the United States Constitution, in relevant part, bars from serving in the government any person who swore an "oath . . . to support the Constitution of the United States" as a federal officer and then "engaged in insurrection or rebellion against the same, or [gave] aid or comfort to the enemies thereof," unless Congress "remove[s] such disability" by a two-thirds vote. U.S. Const. amend. XIV, § 3.

(finding the plaintiff lacked standing in Section 3 disqualification suit against gubernatorial candidate and state legislator Doug Mastriano); *Stencil v. Johnson*, 605 F. Supp. 3d 1109, 1115-19 (E.D. Wis. 2022) (finding plaintiff lacked standing in Section 3 disqualification suit against U.S. Senator Ron Johnson and U.S. Representatives Thomas Tiffany and Scott Fitzgerald); *New Mexico ex rel. White v. Griffin*, 604 F. Supp. 3d 1143, 1146-50 (D.N.M. 2022) (finding plaintiff lacked standing in Section 3 disqualification suit against Otero County Commissioner Couy Griffin).

Ms. Radin did not file a response to the February 11 Order to Show Cause. Therefore, based on the legal authority cited above, it is recommended that this action be dismissed without prejudice for lack of subject matter jurisdiction.

### III. RECOMMENDATION

For the reasons set forth above, it is respectfully

**RECOMMENDED** that the Grievance (ECF No. 1) filed by Plaintiff Marcia M. Radin and this action be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.[2]

---

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656,

DATED March 25, 2025.

BY THE COURT:

_____
Richard T. Gurley
United States Magistrate Judge

659 (10th Cir. 1991).